1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

11

12 ZACHARY PILZ, an individual,   )
13 BRENDA CONTINE, an individual,   )   CASE NO.
JUAN LOPEZ, an individual,   )
14   )   COMPLAINT FOR INJUNCTIVE
*et al.*,   )   AND DECLARTORY RELIEF AND
  )   FOR DAMAGES
Plaintiffs,   )
15   )
16 v.   )
  )   JURY DEMANDED
17 JAY INSLEE, Governor of the State of   )
Washington, *et al.*,   )
18   )
Defendants.   )

19

## INTRODUCTION

20
21 1. Governor Jay Inslee's August 9, 2021 Proclamation by the Governor Amending

22 Proclamation 20-05, et seq. 21-14 – COVID-19 Vaccination Requirement ("Governor's

23 Mandate") and August 20, 2021 Amended Proclamation by the Governor Amending

24 Proclamations 20-05 And 20-14 21-14.1 Covid-19 Vaccination Requirement ("Mandate

25 Amendment") requiring state workers to be fully vaccinated against COVID-19 by October

COMPLAINT - 1

18, 2021 exceeds the authority of his office by the Washington Constitution statute, and, independently, violates the rights guaranteed to the state workers by the Constitution of the United States of America and other applicable law.

2. Other similarly situated individuals have had their attempts to obtain a hearing on the merits in State Court stymied by the Governor's office, including the willful disobedience of a State Court's Order for his Chief of Staff to sit for deposition.

3. Given the State's conduct in State Court, these Plaintiffs reluctantly come to his Court as a last resort for legal relief and explicitly bring only Federal Causes of Action to avoid the State's inevitable and ongoing attempts to delay these emergent issues.

## VENUE AND JURISDICTION

4. This Court has jurisdiction pursuant to 28 USC §§ 1331 & 1343.

5. Venue is proper in this Court where the Defendants reside in and purport to act in their official capacities within this District, pursuant to 28 USC § 1391.

## PARTIES

6. Plaintiff Zachary Pilz, is an employee of Washington State Department of Children, Youth & Families, residing in Lewis County.

7. Plaintiff Brenda Contine, is an employee of Washington State Department of Corrections, residing in King County.

8. Plaintiff Aaron Keller, is an employee of Bellevue Fire Department, residing in Snohomish County.

9. Plaintiff Adam Bogle, is an employee of Washington State Department of Transportation, residing in Lincoln County.

10. Plaintiff Alex Carbajal, is an employee of Seattle Fire Department, residing in

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Snohomish County.

11. Plaintiff Alex Murillo, is an employee of Snohomish County District Court, residing in Snohomish County.

12. Plaintiff Amber Roskamp, is an employee of Port Angeles School District, residing in Clallam County.

13. Plaintiff Anna Trawczynski, is an employee of University of Washington Medicine - Northwest, residing in King County.

14. Plaintiff Benjamin Swenson, is an employee of Washington State Department of Children, Youth & Families, residing in Lewis County.

15. Plaintiff Blaine Schiess, is an employee of Washington State Department of Transportation, residing in Clallam County.

16. Plaintiff Branon Snyder, is an employee of Seattle Fire Department, residing in Pierce County.

17. Plaintiff Brian Paterik, is an employee of Seattle Fire Department, residing in Pierce County.

18. Plaintiff Candace Kennedy, is an employee of Washington State Department of Social and Health Services, residing in Thurston County.

19. Plaintiff Cathy Beckner, is an employee of Washington State Ferries, residing in Pierce County.

20. Plaintiff Daniel Little, is an employee of Washington State Ferries, residing in Snohomish County.

21. Plaintiff David Dahlin, is an employee of Seattle Fire Department, residing in Snohomish County.

COMPLAINT - 3

22. Plaintiff David Lawton, is an employee of Washington State Ferries, residing in King County.

23. Plaintiff David Taylor, is an employee of Washington State Department of Transportation, residing in Yakima County.

24. Plaintiff David Walters, is an employee of Seattle Fire Department, residing in Pierce County.

25. Plaintiff Dawn Andersen, is an employee of Mukilteo School District, residing in Snohomish County.

26. Plaintiff Garrett Raulston, is an employee of Washington State Department of Enterprise Services, residing in Spokane County.

27. Plaintiff Gwendolyn Auman, is an employee of Washington State Department of Corrections, residing in Grays Harbor County.

28. Plaintiff Haleigh See, is an employee of Naselle Grays River Valley School District, residing in Pacific County.

29. Plaintiff Heather Swensen, is an employee of Puget Sound Assistant Living, residing in Pierce County.

30. Plaintiff Heriberto Mendoza, is an employee of Washington State Department of Corrections, residing in Benton County.

31. Plaintiff Holly Verner, is an employee of Dermatology of Seattle, residing in King County.

32. Plaintiff Jaime Kellogg, is an employee of Cardiac Study Center MultiCare, residing in Spokane County.

33. Plaintiff James Palmer, is an employee of Washington State Department of

COMPLAINT - 4

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Corrections, residing in Snohomish County.

34. Plaintiff Jeffrey Cowgill, is an employee of Washington State Department of Agriculture, residing in Cowlitz County.

35. Plaintiff Jeni Venables, is an employee of Healthcare, residing in Thurston County.

36. Plaintiff Jennifer Barnes, is an employee of Washington State Department of Social and Health Services, residing in Pierce County.

37. Plaintiff Jennifer Templeton, is an employee of Washington State Department of Social and Health Services, residing in Pierce County.

38. Plaintiff Jennifer Zehrung, is an employee of Olympic Education District 14, residing in Pierce County.

39. Plaintiff Jesse Gorham, is an employee of Seattle Fire Department, residing in King County.

40. Plaintiff Jodie Dewey, is an employee of Washington State Patrol, residing in Spokane County.

41. Plaintiff Joe DeGroat, is an employee of Washington State Department of Transportation, residing in Yakima County.

42. Plaintiff Jonah Kuhn, is an employee of Washington State Department of Enterprise Services, residing in Spokane County.

43. Plaintiff Josephine Swenson, is an employee of Washington State Department of Children, Youth & Families, residing in Lewis County.

44. Plaintiff Josh Gibbs, is an employee of Seattle Fire Department, residing in Snohomish County.

45. Plaintiff Judy Carpenter-Ross, is an employee of Washington State Department of

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

Veterans Affairs, residing in Pierce County.

46. Plaintiff Kamaldeep Bhachu, is an employee of PeaceHealth, residing in Whatcom County.

47. Plaintiff Kara Coalman, is an employee of Washington State Department of Labor & Industries, residing in Cowlitz County.

48. Plaintiff Kari Lynn Dohrman, is an employee of Washington State Department of Social and Health Services, residing in Chelan County.

49. Plaintiff Katherine Galanga, is an employee of University of Washington Medical Center, residing in Snohomish County.

50. Plaintiff Kathleen Pokorny, is an employee of University of Washington Medical Center, residing in Snohomish County.

51. Plaintiff Kayla Berg, is an employee of Community Health Building, residing in Kittitas County.

52. Plaintiff Kimberley Scott, is an employee of Harbor Regional Health, residing in Grays Harbor County.

53. Plaintiff Kris Waidley, is an employee of Washington State Department of Health, residing in Thurston County.

54. Plaintiff Kylee Ballensky, is an employee of Washington State Department of Children, Youth & Families, residing in Pierce County.

55. Plaintiff LaDonna Hebert, is an employee of Washington State Department of Corrections, residing in Mason County.

56. Plaintiff Laura Coleman, is an employee of Washington State Department of Corrections, residing in Benton County.

COMPLAINT - 6

57. Plaintiff Lesiya Drozdov, is an employee of The Everett Clinic (Optum), residing in Snohomish County.

58. Plaintiff Lori Auckland, is an employee of Sultan School District, residing in Snohomish County.

59. Plaintiff Lori Smith, is an employee of Washington State Department of Social and Health Services, residing in King County.

60. Plaintiff Lynnette Mathias, is an employee of University of Washington Medical Center, residing in King County.

61. Plaintiff Marsha Lasky, is an employee of Providence Sacred Heart, residing in Spokane County.

62. Plaintiff Matthew Reinke, is an employee of East Pierce Fire & Rescue, residing in Okanogan County.

63. Plaintiff Melissa Steele, is an employee of Washington State Department of Social and Health Services, residing in Chelan County.

64. Plaintiff Michael Faulk, is an employee of Washington State Patrol, residing in Spokane County.

65. Plaintiff Michael Hamilton, is an employee of Seattle Fire Department, residing in King County.

66. Plaintiff Michael Johnson, is an employee of State of Washington, residing in Whatcom County.

67. Plaintiff Michael Uribe, is an employee of Washington State Department of Transportation, residing in Kittitas County.

68. Plaintiff Misty Cox, is an employee of Washington State Department of Social and

COMPLAINT - 7

Health Services, residing in Spokane County.

69. Plaintiff Monty Lee Whiteaker, is an employee of Washington State Department of Transportation, residing in Benton County.

70. Plaintiff Nicholas Auckland, is an employee of Washington State Department of Transportation, residing in Snohomish County.

71. Plaintiff Nicholas Blackburn, is an employee of Washington State Department of Corrections, residing in Thurston County.

72. Plaintiff Nicole Kinread-Sinclair, is an employee of Behavioral Health Resources, residing in Grays Harbor County.

73. Plaintiff Niza Puckett, is an employee of Washington State Department of Corrections, residing in Walla Walla County.

74. Plaintiff Pamela Coffell, is an employee of Washington State Department of Social and Health Services, residing in Chelan County.

75. Plaintiff Ronald Kessler, is an employee of Washington State Lottery, residing in Thurston County.

76. Plaintiff Rosemarie Becker, is an employee of Washington State Department of Social and Health Services, residing in Spokane County.

77. Plaintiff Ryan Hogan, is an employee of Washington State Ferries, residing in Kitsap County.

78. Plaintiff Sandra Dolan, is an employee of Puget Sound Assistant Living, residing in Pierce County.

79. Plaintiff Sandra Olerich, is an employee of Washington State Health Care Authority, residing in Thurston County.

COMPLAINT - 8

80. Plaintiff Scott Fleming, is an employee of Washington State Department of Corrections, residing in Pierce County.

81. Plaintiff Scott Millenbach, is an employee of Washington State Patrol, residing in Kittitas County.

82. Plaintiff Shannon Ayers, is an employee of Washington State Department of Transportation, residing in Spokane County.

83. Plaintiff Sheila Hollingsworth, is an employee of Common Spirit Health, residing in Kitsap County.

84. Plaintiff Tammy Kennedy, is an employee of Washington State Department of Corrections, residing in Snohomish County.

85. Plaintiff Tera Green, is an employee of East Pierce Fire & Rescue, residing in Pierce County.

86. Plaintiff Teresa Fox, is an employee of Washington State Department of Labor & Industries, residing in Kitsap County.

87. Plaintiff Thomas Corrin, is an employee of Washington State Department of Transportation, residing in the State of Washington.

88. Plaintiff Thomas DeLong, is an employee of Washington State Department of Corrections, residing in Clallam County.

89. Plaintiff Tiffany Brown, is an employee of Washington State Department of Labor & Industries, residing in Lewis County.

90. Plaintiff Timothy Henning, is an employee of Washington State Department of Transportation, residing in Clallam County.

91. Plaintiff Todd Humphreys, is an employee of Washington State Department of

COMPLAINT - 9

Transportation, residing in Spokane County.

92. Plaintiff Travis Eilertson, is an employee of Washington State Department of Corrections, residing in Walla Walla County.

93. Plaintiff Tyler Corrin, is an employee of Washington State Patrol, residing in the State of Washington.

94. Plaintiff Tyler Ratkie, is an employee of Washington State Department of Transportation, residing in Lewis County.

95. Plaintiff Tyler Tuerschmann, is an employee of Washington State Department of Labor & Industries, residing in Lewis County.

96. Plaintiff Wade Faircloth, is an employee of Camas Fire Department, residing in Clark County.

97. Plaintiff Juan Lopez, is an employee of Public Hospital, residing in Chelan County.

98. Plaintiff Warren Scotter, is an employee of Bellingham Fire Department, residing in Whatcom County.

99. Plaintiff Wayne Johnson, is an employee of Seattle Fire Department, residing in Snohomish County.

100. Plaintiff William Cleary, is an employee of Seattle Fire Department, residing in King County.

101. Plaintiff Zana Carver, is an employee of Columbia Basin College, residing in Walla Walla County.

102. Plaintiff Jamal George, is an employee of Central Pierce Fire & Rescue, residing in Grays Harbor County.

103. Plaintiff Brad Otto, is an employee of Washington Department of Fish and Wildlife,

COMPLAINT - 10

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

residing in the State of Washington.

104. Plaintiff Venus Bailey, is an employee of Washington State Department of Veterans Affairs, residing in Thurston County.

105. Plaintiff Stephanie Adams, is an employee of the Washington State Health Care Authority, residing in the State of Washington.

106. Defendant Jay Inslee is the Governor of the State of Washington.

107. Defendant John Batiste is the Chief of the Washington State Patrol.

108. Defendant Cheryl Strange is the Secretary of the Washington State Department of Corrections.

109. Defendant Roger Millar is the Secretary of the Washington State Department of Transportation.

110. Defendant Derek Sandison is the Director of the Washington Department of Agriculture.

111. Defendant Ross Hunter is the Secretary the Washington State Department of Children, Youth and Families.

112. Defendant Dr. Umair Shah is the Secretary of the Washington State Department of Health.

113. Defendant Joel Sacks is the Director of the Washington State Department of Labor and Industries.

**FACTS**

114. Some Plaintiffs, such as Michael Faulk of the Washington State Patrol (WSP) have sought to secure medical exemptions from the Mandate.

115. Some Plaintiffs, such as Zachary Pilz, have, as a right by statute and a right secured

COMPLAINT - 11

by the United States Constitution, sought a religious exemption from the Mandate.

116. As a condition of considering the aforementioned Plaintiffs' religious exemptions, the State or its agencies have required the submission of a "religious questionnaire" which improperly inquired into protected private affairs regarding health care decisions and religious sentiment, belief, and worship; other Plaintiffs have, standing upon their rights guaranteed by the Washington State and United States Constitution, refused to provide the required information.

117. Gov. Inslee's General Counsel Kathryn Leathers coordinated the exemption language with the Attorney General's Office and wrote in an August 3, 2021 email "Exemptions: medical for sure; and religious (if we have to; if yes, as narrow as possible)". Reproduced below.

(the rest of this page intentionally left blank).

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

| | |
|---|---|
| From: | Sonju, Eric A. (ATG) |
| To: | Leathers, Kathryn (GOV) |
| | Cortez, Dawn C. (ATG) |
| | Merchant, David (ATG) |
| CC: | Wonhoff, Taylor (GOV) |
| | Petrie, Valerie B (ATG) |
| Date: | 2021-08-04 11:37:44 AM |
| Subject: | RE: New mandatory vaccine proclamation |
| Attachments: | rssExec.pdf |

Thought you'd all be interested to see this order from the 7th Circuit denying a motion for an injunction pending appeal against Indiana University's vaccination mandate. The district court denied plaintiff students' preliminary motion, which they're now appealing.

**From:** Leathers, Kathryn (GOV)
**Sent:** Tuesday, August 3, 2021 5:52 PM
**To:** Cortez, Dawn C. (ATG)                    Merchant, David (ATG)                    Sonju, Eric A. (ATG)                    Petrie, Valerie B (ATG)
**Cc:** Wonhoff, Taylor (GOV)
**Subject:** New mandatory vaccine proclamation

[EXTERNAL]

Dawn and Dave,

The decision has been made.  We are now definitely going in the direction of a mandatory vaccine for all employees in certain areas of employment:  public and private healthcare, congregate settings (like DOC and LTC facilities), and state employees who work for the Exec cabinet.  We may branch out to other separately electeds' employees, but we will start with our staff.

Other:
- Mandatory weekly testing until such time as you are fully vaccinated.
- For the private healthcare settings, we want to require that they have a policy in place that mandates vaccines by "X" date ("X" TBD).
- Exemptions:  medical for sure; and religious (if we have to; if yes, as narrow as possible).
  o Adding Eric Sonju and Valerie Petrie to help with the exemptions.
- Still trying to nail down how long the unvaccinated person has to become fully vaccinated, TBD.
- Consequence:  This is a condition of employment.  You lose your job if you do not comply (and, the privates are prohibited from employing or continuing to employ anyone who is not fully vaccinated by X date).

I will get you the list of what qualifies as  healthcare  and  congregate settings  asap.

Governor wants to announce this week, if possible.  If we need more time, we can announce this week and issue on Monday.  Usual moving target on a short timeframe.  So sorry.

Can you get this one started (tomorrow)?

Thank you,

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

118. Whistler-blower documents confirm unconstitutional application of the Mandate at the Washington State Patrol – religious accommodations have been directed to be denied categorically and medical "accommodation" to consist of temporary unpaid leave until the Troopers return to work vaccinated.

119. The State's own data confirms this discriminatory application.

120. As of September 27, 2021. WSP has granted four of forty-six medical accommodations, a 3,278% difference. The Department of Transportation is approving medical exemptions at a rate of 985% relative to religious requests.

121. Some Plaintiffs, such as Juan Lopez and Brenda Contine, are members of protected classes, specifically to Mr. Lopez and Mrs. Contine, citizens of Hispanic descent.

122. State generated data by the Washington State Department of Health showed, prior to the Mandate, that people of Hispanic heritage are vaccinating at significantly lower rates relative to their general population and relative to non-protected racial groups.

123. African Americans, such as Plaintiff Venus Bailey, are also, according to the State's own data, are also vaccinating at lower rates than non-protected groups.

124. The foreseeable, outcome of the Mandate is a disproportionate dismissal of people of color from civil service and health care.

125. Given the State's own data, the Governor, and his subordinates they acted with, at minimum, reckless or callous indifference to this reality.

126. State and Health Care Workers, including Plaintiffs Zachary Pilz, Teresa Fox, and Alicia Gray, who could have otherwise been accommodated with less restrictive means, have been physically injured by the vaccine which they took over religious and medical objection.

127. By way of further example, Plaintiff Zachary Pilz has been grievously injured by the

COMPLAINT - 14

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

first injection of the Pfizer vaccine; despite this he will be terminated unless he takes the second injection, over his physicians' advice; his initial accommodations were denied despite having natural immunity to COVID-19.

128. Similarly, Plaintiff Sheila Hollingsworth, who has been previously accommodated by her employer for the same reasons, has been denied accommodation despite working from home and despite her doctor's opinion that the vaccine will be lethal to her.

129. Similarly, the Fire Marshal for the State of Washington, Charles Paul LeBlanc (Plaintiff in a State Court Action), will not be accommodated despite his doctor's opinion that 1) the vaccine will likely be leather given a prior anaphylactic episode, 2) that his prior cancer treatment will render the vaccine ineffective, and 3) having recovered from COVID in June, most likely the Delta variant.

130. At least on citizen of the State of Washington has died from an adverse reaction to the vaccine taken under duress pursuant to the Mandate.

131. Washington State Labor and Industries has created a special claims division for those injured by the vaccine required by the mandate.

132. The FDA approved COMIRNATY is not generally unavailable in Washington State.

133. Actual consent has not been received for injection of Emergency Use Authorized drugs mandated by the Governor.

134. Those individuals, such as Plaintiffs Pilz, Fox, and Grey, who complied with the Mandate over objection, have not provided legal consent given the economic duress manufactured by the Governor and his subordinates.

135. Given the Governor, and his subordinates knowledge of the danger of the vaccine to healthy state and health care workers, they have acted with, at minimum, reckless or callous

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

indifference to the avoidable physical harm which is the foreseeable result of the Mandate.

136. In an internal email, Senior Assistant Attorney General Eric Sonju wrote: "My understanding of requiring health care and long-term care provider employees to get vaccinated is to protect patients/residents and protect the capacity of our system from being threatened by continued spread. The purpose isn't primarily to get vaccination numbers up in that population in order to fight COVID-19 more generally," Mr. Sonju went on: "However, for executive cabinet agency employees, the purpose really is to get vaccine numbers up and having the state lead by example. So maybe a bifurcated approach would make sense. Health care and long-term care provider employees are required to get vaccinated and their employers are prohibited from letting them enter the workplace or provide in-person services if they don't. Executive cabinet agency employees are required to get vaccinated by 10/18 and the agencies are prohibited from employing them if they do not. That said, if the preference is to stay with a prohibition on employment for all, I think it is certainly defensible."

137. Compliance with the Governor's Mandate and Mandate Amendment is not prohibitory, but mandatory, and requires affirmative action by each Plaintiff, to wit: being injected with an Experimental Use Authorization drug.

138. Each Plaintiff, along with many other citizens of the State of Washington, faces termination pursuant to the Mandate and/or has had their Civil Rights infringed upon by the Mandate.

139. Other Plaintiffs, such as Juan Lopez, have had their privacy rights infringed upon given the invasive nature of the government's inquiry into the sincerity of his religious beliefs.

140. Such invasion has a chilling effect and results in a greater unequal treatment of those holding sincere religious beliefs.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

141. Means less restrictive than termination exist to accomplish the Government's purpose, even if it were authorized and/or made for an illegal purpose.

142. The Governor is aware that less restrictive means exist.

143. At least one fire department is accommodating firefighters and paramedical with masking.

144. School districts are accommodating through masking and testing.

145. Caitlyn Jekel, the/a senior policy advisor on labor for the Governor's Office, wrote in an email that the Governor's Executive Team decided to include an option allowing workers to opt-out of the vaccine in favor of weekly COVID-19 testing, stating: "State government will start with a testing strategy option and the governor will announce an October 1st review, with the potential to shift to a full mandate at that time."

146. The penalties for not taking affirmative action to comply with the Governor's Mandate and Mandate Amendment are overly severe, punitive, and unconscionable.

147. The penalty is further arbitrary and capricious where not tailored to those State employees with natural immunity by virtue of prior infection and/or the ability to perform their duties from home.

148. The Mandate is being carried out in a punitive fashion; the Governor's Communications lead told a reporter in a document obtained through a Public Records Act request:

> And, one important development: it is now both state employees AND those who work in private medical, longterm care, direct care and contact, congregate care settings and service to vulnerable people. That way state employees cant just take their unvaccinated selves and go work in private sector.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

149.  State and healthcare workers have also been threatened with losing credentials and licensure.

150. State and healthcare workers have had their vested pension rights threatened.

151. Labor & Industries is refusing to investigate COVID-19 related incidents.

152. State and healthcare employees have been threatened they will not be eligible for unemployment benefits.

153. Labor & Industries is aware of the adverse effects of the vaccines and has setup a special claims taskforce to address injured state workers.

154. The Employment office, presumably as further punishment, has instructed its staff to *not* use the pandemic fast-track protocol for any state workers terminated for non-compliance with the Mandate.

155. State workers subject to the mandate are civil servants with statutory rights to additional due process under Title 41 RCW.

156. The requirements of Title 41 RCW have not been followed.

157. City and County Firefighters are afforded even more due process under RCW 41.08.090.

158. The requirement of RCW 4108.090have not been followed.

159. Washington State Troopers are afforded an even higher due process protection and cannot be discharged or suspended without a hearing presided over by an Administrative Law Judge and a three Trooper panel of specific rank. RCW 43.43.050-.080.

160. The requirements of RCW 43.43 have not been followed.

161. Ongoing terminations, suspension, and/or separated by resignation from their employment for non-compliance with the Mandate, will result in extensive monetary damages,

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1    to be proven at trial.

2        162. In addition, irreparable harm has been, and will continue to be, caused for those

3    Plaintiffs professionally stigmatized through the enforcement process of the Mandate.

4        163. In addition, irreparable harm has been, and will continue to be, caused for those

5    Plaintiffs who are unable to pursue their chosen profession.

6        164. In addition, irreparable harm has been, and will continue to be, caused by the

7    infringement of the Free Exercise Clause of the United States Constitution.

8        165. In addition, irreparable harm has been, and will continue to be, caused by infringed

9
10   upon the Contracts Clause of the United States Constitution.

11       166. In addition, irreparable harm has been, and will continue to be, caused where all

12   citizens subject to the Mandate can never receive Due Process under the law for deprivation of

13   their rights where only the Washington State Legislature and not the Executive branch can

14   enact such a mandate.

15       167. In addition, irreparable harm has been, and will continue to be, caused where all

16   citizens subject to the Mandate have been deprived of their Right to Petition based upon the

17   Governor conduct in other litigation, including willful disobedience of Court Orders.

18       168. In addition, irreparable harm has been, and will continue to be, caused where the

19   Mandate is, and will continue, to result in a disparate impact upon people of color who are

20
21   being disproportionately driven from public service and health care.

22       169. In addition, irreparable harm will be caused to the entire State through the loss of

23   emergency medical, education, and other critical services as the consequences of the Mandate

24   absent restraint by this Court.

25       170. The Facts stated above clear the pleading requirement of this Court; to avoid any delay

COMPLAINT - 19

Plaintiffs additionally incorporate here as if fully set forth the Declarations filed herewith of:

    a. Nathan J. Arnold in Support of Plaintiffs' Emergency Motion to Hear on Shortened Time Plaintiffs' Motion for Summary Judgment, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

    b. Anna Moleva in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

    c. Danielle Oyen in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

    d. Dustin Stephan in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

    e. Elizabeth Bain in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

    f. Faye Taitano Cueto in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla Superior Court, Case No. 21-2-00411-36.

    g. Joshua Jackson in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

    h. Lynette King in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

00411-36.

i. Mark Anderson in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

j. Nathan J. Arnold in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

k. Stephanie Adams in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

l. Stephen F. Austin in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

m. Beth Lindenman in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

n. Steven Collins in Support of Plaintiffs' Motion for Injunction or Writ of Prohibition, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

o. Ernest David Newton in Support of Opposition to Change of Venue, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

p. Travis Wade Jerald in Support of Opposition to Change of Venue, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

q. Jennifer Judie Turner in Support of Opposition to Change of Venue, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

r. Carissa Sweet in Support of Opposition to Change of Venue, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

s. Donald Weaver in Support of Opposition to Change of Venue, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

t. Vanessa Lynn Shultz in Support of Opposition to Change of Venue, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

u. Third Declaration of Nathan J. Arnold, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

v. Dr. Braden Andersen, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

w. Dr. Peter Himmel, filed in the Walla Walla County Superior Court, Case DNo. 21-2-00411-36.

x. Charles Paul LeBlanc in Support of Opposition to Change of Venue, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

y. Alicia M. Gray, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

z. Amy King, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

aa. Cynthia Oster, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

bb. Jason Postlewait, filed in the Walla Walla County Superior Court, Case No. 21-

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

2-00411-36.

cc. Mark Klicker, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

dd. Perry Dozier, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

ee. Skyler Rude, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

ff. Nathan J. Arnold, filed in the Walla Walla County Superior Court, Case No. 21-2-00411-36.

gg. Kristi McKethen filed in the Thurston County Superior Court, Case No. 21-2-01674-34.

hh. Louisa Rogers, filed in the Thurston County Superior Court, Case No. 21-2-01674-34.

ii. Zachary Pilz, filed in the Thurston County Superior Court, Case No. 21-2-01674-34.

jj. Neil Konitshek, filed in the Thurston County Superior Court, Case No. 21-2-01674-34.

kk. Nathan J. Arnold in Support of Plaintiffs' Motion for Contempt of Court, filed in the Thurston County Superior Court, Case No. 21-2-01674-34.

ll. Brenda Contine, filed in the Thurston County Superior Court, Case No. 21-2-01674-34.

mm. Kamberly Warner, filed in the Thurston County Superior Court, Case No. 21-2-01674-34.

COMPLAINT - 23

nn. Zana Carver

## FIRST CAUSE OF ACTION

### Due Process – Governor Lacks Authority

171.  Plaintiffs reallege the above facts as if fully set forth herein.

172. All Plaintiffs are entitled to due process of law prior to loss of their property interest in tenured positions.

173. All Plaintiffs are entitled to due process of law prior to loss of their property interest in tenured positions.

174. The Plaintiffs can never receive due process because the Governor of Washington lacks legal authority to enact the mandate as written and as applied.

175. The Plaintiffs have been damaged by this lack of Due Process, face additional irreparable harm that should be enjoined, and are entitled to damages in an amount to be individually determined at trial.

## SECOND CAUSE OF ACTION

### Free Exercise of Religion

176.  Plaintiffs reallege the above facts as if fully set forth herein.

177. Plaintiffs' free exercise of religion has been infringed where the State has provided secular accommodations at a dramatically greater rate than religious accommodations.

178. The chilling effect of the State's overly burdensome inquires into individual's religious beliefs has had a further chilling effect which will result in a greater number of individuals with sincerely held religious beliefs facing termination than if the State had used less restrictive means.

179. The Plaintiffs have been damaged by this infringement, face additional irreparable

COMPLAINT - 24

harm that should be enjoined, and are entitled to damages in an amount to be individually determined at trial.

## THIRD CAUSE OF ACTION

### Americans with Disabilities Act

180.  Plaintiffs reallege the above facts as if fully set forth herein.

181. Plaintiffs Zachary Pilz, Sheila Hollingsworth, and all other individuals with allergic or other medical conditions making the vaccine inappropriate are qualified individuals.

182. Zachary Pilz can continue to perform to essential functions of his job.

183. Sheila Hollingsworth can continue to perform the essential functions of her job.

184. All individuals who can telework are able to continue performing the essential functions of their jobs.

185. All individuals with natural immunity are able to continue performing the essential functions of their jobs and doing so would not be an undue hardship upon the agencies they work for.

186. All individuals with who can perform their duties from home could continue to do so without undue hardship upon the various agencies they work for.

187. Plaintiffs Pilz and Hollingsworth, along with all other individuals who are medically unable to take the vaccine are being discriminated against and face termination.

188. The Plaintiffs have been damaged by this the failure to accommodate, face additional irreparable harm that should be enjoined, and are entitled to damages in an amount to be individually determined at trial.

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1
2

## FOURTH CAUSE OF ACTION

### Title VII of the Civil Rights Act

3      189.  Plaintiffs reallege the above facts as if fully set forth herein.

4      190. Brenda Contine, Juan Lopez, Venus Bailey, and all other Plaintiffs who are Hispanic

5   or African American are members of a protected class.

6      191. Based upon the State's own data, the Mandate has a disparate impact, has, and will

7   continue to result in a disproportionate discharge of people of color.

8      192. Zachary Pilz, Brenda Contine, and all other Plaintiffs who have a sincere religious

9

10  belief that prevents them from compliance with a new job requirement: vaccination.

11     193. The Plaintiffs who have submitted exemption forms have informed their employers

12  of the conflict.

13     194. The Plaintiffs have been, or shortly will be, disciplined for failing to comply with the

14  conflicting requirement.

15     195. The State has taken adverse employment action against all Plaintiffs with a sincere

16  religious belief which prohibits them to take the vaccine.

17     196. The State has treated members outside of the class differently and favorably – those

18  without a sincere religious belief have not faced termination.

19     197. In addition, the various State agencies have granted medical exemptions at a

20  significantly greater rate than religious exemptions.

21

22     198. The Plaintiffs have been damaged by this infringement, face additional irreparable

23  harm that should be enjoined, and are entitled to damages in an amount to be individually

24  determined at trial.

25

COMPLAINT - 26

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

**FIFTH CAUSE OF ACTION**

**Contracts Clause and Breach of Contract**

199.  Plaintiffs reallege the above facts as if fully set forth herein.

200. All tenured public employee Plaintiff have enforceable contracts with their various state agencies.

201. Plaintiffs have a vested interest in their pensions and other benefits, which are independent from Plaintiffs' right to employment.

202. The various state agencies have breached their contracts by terminating Plaintiffs other than for cause.

203. The various state agencies have independently breached their obligations under the Plaintiffs' pension plans.

204. The Governor's attempt to unilaterally insert a new and material clause, that each employee must be vaccinated, into each contract violated the Contracts Clause of the United States Constitution Art. I, § 10.

205. The Plaintiffs have been damaged both by the breach of their contracts and by this infringement, face additional irreparable harm that should be enjoined, and are entitled to damages in an amount to be individually determined at trial.

**SIXTH CAUSE OF ACTION**

**Due Process – *Loudermill***

206.  Plaintiffs reallege the above facts as if fully set forth herein.

207. Plaintiffs, such as Zachary Pilz and Brenda Contine, are entitled to oral or written notice of the charges against them, an explanation of the employer's evidence, and an opportunity to present their side of the story.

COMPLAINT - 27

208. The tenured employee Plaintiffs have not been provided a meaningful and sincere opportunity to present their side of the story.

209. City and County Firefighter Plaintiffs have not been given the statutorily required hearing.

210. State Trooper Plaintiffs, such as Plaintiff Michael Faulk, cannot be disciplined without the process required under RCW 43.43.

211. The Plaintiffs have been damaged by this infringement, face additional irreparable harm that should be enjoined, and are entitled to damages in an amount to be individually determined at trial.

## SEVENTH CAUSE OF ACTION

### Equal Protection – 14th Amendment of the United States Constitution

212.  Plaintiffs reallege the above facts as if fully set forth herein.

213. Plaintiffs seeking religious exemptions are entitled to equal treatment to those seeking exemptions for secular reasons.

214. The State's date shows that religious exemptions are being approved at drastically lower rates than medical exemptions.

215. The State's data also shows an unequal and disparate impact upon certain protected classes, particularly those of Hispanic descent.

216. The Plaintiffs have been damaged by this infringement, face additional irreparable harm that should be enjoined, and are entitled to damages in an amount to be individually determined at trial.

COMPLAINT - 28

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

1

**EIGHTH CAUSE OF ACTION**

2

**Violations of Individual Rights of Privacy and Informed Consent**

3      217.  Plaintiffs reallege the above facts as if fully set forth herein.

4      218.  Plaintiffs have privacy rights that have been infringed through the methods used to

5   determine 'sincere' religious beliefs.

6      219. Such infringement, in turn, has resulted in a chilling effect on citizens seeking

7   religious exemptions, resulting in additional terminations and further unequal treatment.

8      220. Plaintiffs have Constitutional, statutory, and common law rights to bodily integrity

9   and autonomy which have been invaded and will continue to be invaded.

10
11      221. Those individuals who have taken medicine, over advice of physicians, their

12   conscience, or under economic duress have had their right to privacy further infringed.

13      222. The Plaintiffs have been damaged by this infringement, face additional irreparable

14   harm that should be enjoined, and are entitled to damages in an amount to be individually

15   determined at trial.

16

**RELIEF REQUESTED**

17      A. A Declaration that the Governor of the State of Washington's Mandate is

18   Unconstitutional on its face and as applied.

19      B.  A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction

20   restraining the Governor and his subordinates from enforcing, directly or indirectly, the

21   Mandate.

22
23      C.  Damages to be determined at trial on an individualized basis.

24      D.  Punitive damages pursuant to 42 U.S.C.A. § 1983.

25      E.  Attorney fees pursuant to 42 U.S.C.A. § 1988.

COMPLAINT - 29

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (THIS ADDRESS DOES NOT ACCEPT SERVICE OF PROCESS)

DATED this 5th day of October 2021.

**ARNOLD & JACOBOWITZ PLLC**

/s/ Nathan J. Arnold
Nathan J. Arnold, WSBA No. 45356
2701 First Ave., Ste. 200
Seattle, WA 98121
(206) 799-4221
Nathan@CAJLawyers.com
*Counsel for Plaintiffs*

COMPLAINT - 30