UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACHARY PILZ, an individual, BRENDA CONTINE, an individual, JUAN LOPEZ, an individual, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JAY INSLEE, Governor of the State of Washington, *et al.*,<br><br>Defendants. | CASE NO. 3:21-cv-05735<br><br>PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>JURY DEMANDED<br><br>*Oral Argument Requested* |

PLAINTIFFS' SUPPLEMENTAL BRIEF IN
SUPPORT OF MOTION FOR DECLARATORY
AND INJUNCTIVE RELIEF- 1

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

## INTRODUCTION

Pursuant to ECF No. 57, Plaintiffs, having now been terminated under the Mandate, respectfully submit this supplemental brief in support of a preliminary injunction requiring their reinstatement of each individual to restore and preserve the status quo as of the start of this action. Those who can perform their duties outdoors or telecommute should be restored to their positions; those who cannot, should be restored with masking and testing.

## SUPPLEMENTAL FACTS

On November 5, 2021, OSHA promulgated its COVID-19 Vaccination and Testing Emergency Temporary Standard (86 Fed. Reg. 61402) ("ETS"), which exempts broad classes of workers, based upon the latest and best science:

> Employees Who Work Exclusively Outside. Employees who work exclusively outside face a much lower risk of exposure to SARS-CoV-2 at work, because their workplaces typically do not include any of the characteristics that normally enable transmission to occur (e.g., indoors, lack of ventilation, crowding). … the CDC has stated that the risk of outdoor transmission is "low" (CDC, September 1, 2021).
>
> ****
>
> Employees Who Telework and Employees Who Do Not Report to a Workplace Where Other People Are Present. Employees who report to workplaces where no other people are present face no grave danger from occupational exposure to COVID-19 because such exposure requires the presence of other people. For those who work from their homes, or from workplaces where no other people are present (such as a remote worksite), the chances of being exposed to SARS-CoV-2 through a work activity are negligible. Therefore, OSHA is exempting those workers who do not come into contact with others.

86 CFR 61419. For non-exempt workers, OSHA's ETS provides that the unvaccinated may simply mask-and-test instead of being vaccinated. *Id.*

Even these much-less restrictive means were stayed by the Fifth Circuit Court of Appeals, which doubted the ETS can "pass constitutional muster" and concluded it is "fatally

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF- 1

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

flawed." *BST Holdings, LLC. v. OSHA*, No. 21-60845, Slip. Op. at 6 (November 12, 2021).

<u>The Public is being Impacted by the loss of essential workers.</u>

As predicted, the Mandate has harmed the public. Ferries are delayed and routes cancelled,[1] schools are closing on Fridays,[2] delayed emergency responses are resulting in death.[3] Meanwhile, DOC is allowing unvaccinated contractors to enter its facilities (Declaration of Nathan J. Arnold "Arnold Dec." Exh. A) and DOT is pushing for additional telework, despite having just terminated many teleworkers. *Id.* Exh. B. The WSP "has too few detectives to address the agency's criminal investigative responsibilities" despite "rising felony collisions" and a "steadily rising number of violent crimes across the State." *Id.* Exh. C. Meanwhile, its Chief has also ordered "all commanders to critically assess telework opportunities," an assessment that should have been made to avoid terminations. *Id*.

Newly obtained email from the WSP predicted these problems. On September 1, 2021, Captain Jason L. Ashely, HR Director of the WSP sent an email stating:

> I am deeply concerned with the lack of realistic and reasonable accommodations … the guidelines provide no opportunity for agencies to provide reasonable accommodations or mitigation…. We have received over 300 religious accommodations which are well crafted and articulate and on their face meet the burden of Title VII. … I struggle to understand how we will be able to prevail in litigation. …

*Id.* Exh. D. Plaintiffs agree with Captain Ashley's admission that no "reasonable" or "actual" accommodations were provided. Plaintiffs also share the Director of HR's "struggle to understand how [the State] will be able to prevail in litigation" - a concern not shared in his, yet to be cross-examined, declarations, declarations which also misrepresented requests under

---

[1] https://www.kiro7.com/news/local/402-state-transportation-workers-leaving-because-vaccine-mandate/TP45ZUG26NEB7HM5Z7YE6XTUDM/
[2] https://www.king5.com/article/news/local/seattle-schools-will-be-closed-friday-due-to-staff-shortage-district-says/281-ae6589f6-4721-4ae2-8b53-08e755a131ec
[3] https://mynorthwest.com/3226429/rantz-teen-watches-father-die-staffing-police-fire/

PLAINTIFFS' SUPPLEMENTAL BRIEF IN
SUPPORT OF MOTION FOR DECLARATORY
AND INJUNCTIVE RELIEF- 2

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

RCW 43.43. ECF No. 30 ¶ 21, *contrast* Arnold Dec. Exh. E.

The University of Washington has recently also made similar admissions against interest, a Senior Director stating students and employees: "**may not be accommodated if they have a religious exemption. For those with medical exemptions, they can be accommodated with additional safety measures including twice weekly testing**." *Id.* Exh. F (emphasis in original). This is consistent with prior statements by WSP. *Id.* Exh. G.

There is some good recent news, Dr. Lindquist recently gave an interview attributing an improving COVID-19 picture in Washington State to, in part, natural immunity.[4] Of course, this contradicts his prior position, under oath, that natural immunity should not be considered. It does, however, comport with other extensive expert medical testimony already in the record.

## SUPPLEMENTAL ARGUMENT AND AUTHORITY
The Mandate has caused, and will continue to cause, irreparable harm.

As the Fifth Circuit just articulated, regarding the *less* restrictive ETS:

> It is clear that a denial of the petitioners' proposed stay would do them irreparable harm. For one, the Mandate threatens to substantially burden the liberty interests of reluctant individual recipients put to a choice between their job(s) and their jab(s). For the individual petitioners, the loss of constitutional freedoms "for even minimal periods of time... unquestionably constitutes irreparable injury."

*BST Holdings, LLC v. OSHA*, p. 18-19, citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976). "Not to mention the free religious exercise of certain employees. *See* U.S. Const. amend. I; cf. *Holt v. Hobbs*, 574 U.S. 352, 361 (2015)." *Id.* at 19 n.21.

Loss of Employment and Professional Stigma is Irreparable Harm.

The Ninth Circuit has upheld preliminary injunctions where the harm was "(1) the loss of the chance to engage in normal life activity, *i.e.*, pursuing [plaintiff's] chosen profession,

---

[4] https://mynorthwest.com/3232368/community-immunity-covid-washington/

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF- 3

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

and (2) professional stigma."[5] As the Court of Appeals has also observed, "the loss of one's job does not carry merely monetary consequences; it carries emotional damages and stress, which cannot be compensated by mere back payment of wages."[6] These harms are "emotional and psychological—and immediate."[7] "[T]hese harms constitute irreparable injury…no legal remedy can fully right the wrong of such a dignitary affront."[8]

### Public Impact.

It is always in the public interest to prevent violation of constitutional rights. *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 383 (1979). Further, Plaintiffs put forth competent evidence from State employees and experts that the Mandate will harm the public through the loss of emergency and other personnel. Those predictions are coming true.

### The Mandate Fails Strict Scrutiny.

A law is not deemed generally applicable and triggers strict scrutiny if the statute creates a mechanism for "individualized exemptions." *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U. S. 520, 537 (1993); *see also Fulton v. Philadelphia*, 593 U. S. ___, ___– ___ (2021) (slip op., at 5–6). Defendants' argument that this rule does not apply when the statute provides for individualized exemptions based on religion misses the point: as Defendants concede, the Mandate supposedly provides for exemptions on secular medical grounds as well, ECF 3.1 at 10, which opens the door to religious challenges under strict scrutiny. *303 Creative LLC v. Elenis*, 6 F.4th 1160, 1206–07 (10th Cir. 2021).

The Governor's ongoing reliance on *Jacobosen* is misplaced. It was decided before

---

[5] *Enyart v. Nat'l Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1165 (9th Cir. 2011).
[6] *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008), *rev'd on other grounds*, 562 U.S. 134, 131 S.Ct. 746, 178 L.Ed.2d 667 (2011),
[7] *Equal Emp. Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 928–29 (9th Cir. 2018), *as amended* (Sept. 12, 2018) (quoting *Chalk v. U.S. Dist. Court Cent. Dist. of Cal.*, 840 F.2d 701, 710 (9th Cir. 1988)).
[8] *Id.*

PLAINTIFFS' SUPPLEMENTAL BRIEF IN
SUPPORT OF MOTION FOR DECLARATORY
AND INJUNCTIVE RELIEF- 4

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

strict scrutiny was introduced in *United States v. Carolene Products Co.,* 304 U.S. 144, 153 n.4, 58 S. Ct. 778, 784 (1938). And the Massachusetts statute at issue there did not include an individualized assessment; so, even if decided today post-*Lukumi* and *Fulton* it would be distinguishable. Massachusetts law does not require religious exemptions, but "once [the State] offers religious exemptions, it must not administer them in an unconstitutional way." *Harris v. Univ. of Mass., Lowell*, No. 21-CV-11244-DJC, 2021 WL 3848012, at 7 (D. Mass. Aug. 27, 2021). Here, of course, the Governor knows religious exemptions are required: "medical for sure; and religious (if we have to; if yes, as narrow as possible)." Arnold Dec. Exh. H (emphasis added). Even if he "chose" to, as opposed to legally "having to," once a mechanism of individualized assessment was put in place strict scrutiny became the test.

Furthermore, the Free Exercise Clause "forbids subtle departures from neutrality," *Gillette v. United States*, 401 U.S. 437, 452, 91 S.Ct. 828, 837, 28 L.Ed.2d 168 (1971). "The Court must survey meticulously the circumstances of governmental categories to eliminate, as it were, religious gerrymanders." *Walz v. Tax Comm'n of New York City*, 397 U.S. 664, 696, 90 S.Ct. 1409, 1425, 25 L.Ed.2d 697 (1970) (Harlan, J., concurring). Defendants' plan to offer, but limit, religious exemptions, which they carried out by largely refusing to provide meaningful accommodation, singles out religion and triggers strict scrutiny. Indeed, both the WSP and UW have now admitted that is the practice.

Under the correct standard, the Mandate clearly fails. OSHA's ETS (which still does not sufficiently protect rights, according to the Fifth Circuit) shows that Governor Inslee's Proclamation does not employ the least restrictive means. Actions taken by other jurisdictions may be used as evidence of whether the means used by this State are "least restrictive." *Brach v. Newsom*, 6 F.4th 904, 932 (9th Cir. 2021), citing *Brooklyn Diocese*. OHSA, relying on the

PLAINTIFFS' SUPPLEMENTAL BRIEF IN
SUPPORT OF MOTION FOR DECLARATORY
AND INJUNCTIVE RELIEF- 5

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

latest and best science, <u>exempted</u> teleworkers and outdoor workers. It allowed for testing and masking of all other workers. Those are less restrictive means to address the same interest. And the Governor knew this less restrictive means was available, such were discussed internally, and prior to the Mandate: "I spoke with my OR counterpart. They are announcing a vaccination <u>or</u> weekly testing plan." Arnold Dec. Exh. H (emphasis added). Indeed, Oregon State Troopers, for example, are accommodated with masking alone. Arnold Dec. Exh. I.

The Proclamation is Arbitrary and Capricious

The Mandate cannot even pass rational basis review. As OSHA found, you cannot spread COVID-19 to co-workers if you have no co-workers nearby. And the risk of spreading COVID-19 outdoors is minimal. For everyone else, masking, social distancing, and testing remain viable alternatives. If the Federal government can give a blanket exemption to workers in these categories then there is no reason the State of Washington, dealing with the identical compelling interest cannot provide those alternatives as accommodations.

The Governor's Mandate further fails rational basis, displaying the same defects that resulted in the OSHA ETS being invalidated. Each are a:

> rare government pronouncement that is both overinclusive (applying to employers and employees in virtually all industries and workplaces in America, with little attempt to account for the obvious differences between the risks facing, say, a security guard on a lonely night shift, and a meatpacker working shoulder to shoulder in a cramped warehouse) and underinclusive …. The Mandate's stated impetus—a purported "emergency" that the entire globe has now endured for nearly two years…
> Likewise, a naturally immune unvaccinated worker is presumably at less risk than an unvaccinated worker who has never had the virus. The list goes on, but one constant remains—the Mandate fails almost completely to address… much of this reality and common sense.

*BST Holdings,* pp. 6-7, 13. Indeed, under-inclusiveness is often a telltale sign that the government's interest in enacting a liberty-restraining pronouncement is not, in fact, "compelling." *Church of the*

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF- 6

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

*Lukumi* at 542–46. Where the Governor allows crowded attendance at major sporting events and concerts with a <u>negative test</u> only, there is no rational basis to force employees out of their jobs.[9]

"In reviewing agency pronouncements, courts need not turn a blind eye to the statements of those issuing such pronouncements. *See*, *e.g.*, *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). In fact, courts have an affirmative duty not to do so." *BTS Holdings*, p. 11. Governor Inslee's inconsistent positions reveal the arbitrary, capricious, and punitive nature of his mandate here. "If we get a vaccine, we want it to work … It doesn't do a lot of good to have a vaccine approved by the FDA that never achieves real immunity."[10] The Government's own expert, Dr. Murray, concedes that some of the vaccines are not effective against the current variant. And Dr. Lindquist has conceded that some of the state may never reach herd immunity.[11] The Governor has gone on record calling Trump supporters "bioreactors" spreading the virus and stating "There is only one person in the state of Washington who has the capability to save those lives right now and it happens to be the Governor."[12] This is not a rational approach, nothing prevents the legislature from acting and the Governor should not single out political dissidents, which he clearly has.

<u>Neither the Eleventh Amendment nor *Pennhurst* Bar Injunctive Relief.</u>
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 & n.10 (1984), relied upon by Defendants, acknowledges that the Eleventh Amendment does not bar actions to enjoin violation of the U.S. Constitution, statute, or where they act ultra vires. Both apply here.

When a state actor "comes into conflict with the superior authority of that

---

[9] https://mynorthwest.com/3237849/inslee-statewide-vaccine-mandate-large-events/
[10] https://www.ncwlife.com/inslee-says-any-covid-19-vaccine-will-get-added-scrutiny-before-use-in-washington/
[11] https://mynorthwest.com/3205711/cases-plateau-vaccine-herd-immunity/
[12] https://mynorthwest.com/3037959/rantz-jay-inslee-trump-voters-bioreactor-facility-covid-washington/; https://www.clarkcountytoday.com/opinion/opinion-governor-says-only-he-can-save-lives/

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF- 7

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

Constitution... [t]he state has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Ex parte Young*, 209 U.S. 123, 159–60, 28 S. Ct. 441, 454, 52 L. Ed. 714 (1908). "This doctrine has existed alongside our sovereign-immunity jurisprudence for more than a century, accepted as necessary to 'permit the federal courts to vindicate federal rights.'" *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254–55, 131 S. Ct. 1632, 1638 (2011), *citing Pennhurst*, 465 U.S., at 105. Moreover, the Eleventh Amendment does not shield state actors from liability for violating the ADA, or Title VII. *Clark v. State of Cal.*, 123 F.3d 1267, 1269 (9th Cir. 1997); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 457, 96 S. Ct. 2666, 2672, (1976). And a "state official in his or her official capacity is considered a "person" for § 1983 purposes and the Eleventh Amendment does not prevent a federal court from granting a claim for prospective injunctive relief to prevent a continuing violation of federal law." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002).

Error in carrying out statutory duties is not ultra vires but acting without statutory authority is. *Pennhurst*, *supra*; *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 965–66 (5th Cir. 1993). That is just what Plaintiffs have shown here, and Defendants' response is mere wordplay. The Mandate requires workers to vaccinate or be fired. That is not a "prohibition." If the Governor can call that a "prohibition," he can order anyone to do anything or else: stop working, remaining out of prison, or retaining their home. He has no such power and is not protected by the Eleventh Amendment when he pretends to.

## **CONCLUSION**

Each individual Plaintiff should be restored to their prior posts, as should all others impacted by the Mandate, with less restrictive means employed as they have been elsewhere.

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF- 8

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

DATED this 17th day of November 2021

**ARNOLD & JACOBOWITZ PLLC**

    /s/Nathan J. Arnold
Nathan J. Arnold, WSBA No. 45356
2701 First Ave., Ste. 200
Seattle, WA 98121
(206) 799-4221
Nathan@CAJLawyers.com
*Counsel for Plaintiffs*

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF- 9

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court Western District of Washington by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 17th day of November 2021.

/s/ Nathan J. Arnold
Nathan J. Arnold, WSBA No. 45356

PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF- 10

ARNOLD & JACOBOWITZ PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
113 EAST WOODIN AVENUE, SUITE 200
CHELAN, WA 98816 (NOT A SERVICE ADDRESS)